Judge RObertbok
delivered the opinion of the Court.
This is an appeal from a judgment in ejectment, on a joint and several demise, in the names of John. Handley’s heirs and Churchill, and a joint demise in the names of Handley’s heirs.
The judgment was for the heirs of Handley, as lessors, for their, joint interest.
Several errors áre assigned, which will all be dis■■¡posed of without specially stating them.
A several demise may be made by heirs. Ward’s heirs vs. Harrison, III. Bibb, 305; Scott et al. vs. Beall et al. I. Marshall, 70.
The husband may demise such an interest in his life’s land as will maintain an ejectment. Run. on Eject. 224; Cro. Id. 332; M’Clain vs. Grigg, II Mar. 457.
The title must correspond with the demise; therefore> a demise by baron and feme, of land to which the .wife has no title, except the contingent, poieelial right of dower, is insufficient to maintain ejectment, Run, 226. Tucker et ux. vs. Vance, II. Mar. 458.
But the same authorities, as well as that of reason, show that a joint demise by husband and wife of the land of the wife, is good.
After a defendant is entered, and has plead the general issue, it is too late to object to the insufficjeh-cy of the sérviee of the notice, or of the common. *99 order. Wharton vs. Clay, IV. Bibb, 167. And it is, also, too late to take advantage of any defect in the declaration. Rees vs. Middleton, I. Mar. 6.
Deed, attested by two witnesses, not admissible, on .proof of handwriting, of one who is dead, if the other be alive and in the . state.
Private busi* ness insufficient excuse, ■ generally, for not being ready for trial, on calling of cause..
Absence of witness to • prove vendor’s signature, but not delivery of deed, no cause of continuance.
A judgment for the lessors, instead of the nominal plaintiff, is erroneous. Bonta et al. vs. Clay, V. Litt. Repts. 129.
The judgment in this case, is awkward, but it is intelligible,, and' means that the lessors, except Churchill, shall recover. The effect of which is, that either on their several or their joint demise, they recover. If there had been only one demise, and. that had been a joint one by Churchill and Handley’s heirs, all the lessors must have had title, or there could have been no valid judgment for any.
A deed attested by two subscribing witnesses-cannot be admissible as evidence, on proof only of the hand writing of one of the witnesses who is dead, if the other be alive and within the state.
Absence on private business, of an ordinary character, is not, of itself, a sufficient excuse for not being ready for trial on the calling of the cause.
That an attesting witness could prove the vendor’s signature, but not a delivery- by him,,of the deed, to the vendee, or for his use, would he ihsufficient to establish the deed, and .the absence of such a witness would be no cause for a continuance, unless .the delivery could be proved by some other; and even then, it would hardly be necessary to prove the signature of the vendor, because the deed takes effect by the delivery, and not by the signature. The signature and acknowledgement of a deed, may amount, under particular circumstances,, to a delivery. But it is admitted in this case, that the absent witness could not prove a delivery. Consequently, the legal effect of the admission, being that he could not-.prove such an acknowledgement as would- be construed to a delivery, his testimpny did not appear to be relevant or important. . But the witness was not sum--snoned, and there is no legal excuse for the failure to 'summons him.
It cannot be inferred, from the record, that the absent witness, who had been summoned, would have. *100 been materia]. He could not have proved an adverse possession for 20- y ears.
Judgment in name of lessor instead of being, in that. of-Iessee, is erroneous.
Hoggin, for plaintiff.
The foregoing brief but comprehensive view, embraces and disposes of all the points involved in the, •assignment of errors.
Therefore,, without enlarging this opinion, by a special notice of each individual point, in regular order, the judgment of the circuit court is reversed, because it is, in the names of the lessors, instead oí being, as.it should be, in that of the lessee, and the cause is remanded, with instructions to enter a judgment on the verdict, for the lessee.